IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-024 |
| | * | |
| CARL WALKER | * | |

O R D E R

Defendant Carl Walker has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because he is apprehensive of the COVID-19 pandemic, particularly in a prison setting. Upon due consideration, the Court denies Walker's request for relief.

Section 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Walker

submits evidence that the Warden of FCI Coleman Low has denied his request for consideration of compassionate release. The Court will therefore address the merits of the present motion.

This Court may only reduce Walker's sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possibly applicable category into which Walker may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief.[1] Here, Walker states that he suffers from hypertension, anxiety and a mental health disorder, which places him at greater risk to be adversely affected by COVID-19. Walker, however, bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce

---

[1] Walker insists that this Court now has authority to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 and independent of the BOP's determination. The Court disagrees. The First Step Act did not render the Sentencing Commission's policy statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

under § 3582(c)(2)). To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Walker presents no medical evidence that he meets either of these criteria. Indeed, his argument seems to be that he will likely meet the criteria *if* he contracts COVID-19. Yet, again, Walker provides no medical evidence to support his alleged serious medical conditions or the impact that COVID-19 would have upon him individually. His generalized concern about possible exposure is at this point too speculative to qualify as extraordinary and compelling.[2] As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

---

[2] The Court notes that FCI Coleman Low is reporting only three (one inmate and two staff members) confirmed active cases of COVID-19 in the facility. See www.bop.gov/coronavirus (last visited on May 30, 2020).

In short, without medical evidence and other necessary documentation (such as an approved home release plan) from which this Court may fully evaluate Walker's individual circumstances as they relate to the COVID-19 pandemic, the Court denies Walker's request for compassionate release.

Upon the foregoing, Defendant Carl Walker's motion for compassionate release (doc. 85) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of June, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA