IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-024 |
| | * | |
| CARL WALKER | * | |

**O R D E R**

On June 20, 2020, the Court, *sua sponte*, denied Defendant Carl Walker's first motion for compassionate release because he had not produced any evidence of his alleged serious medical conditions that could place him at an increased risk of serious adverse effects should he contract COVID-19. (Doc. 86.) On December 10, 2020, Walker filed a motion for reconsideration of his bid for compassionate release. The Government responded and provided the Court with Walker's inmate medical records. While Walker complains that the Government did not provide certain medical records from the time he recently spent in state custody, the Court believes that it has an adequate picture of Walker's overall health. Besides, it is best remembered that Walker has the burden of proof to establish entitlement to relief. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). Upon consideration of the parties' papers, the medical records, the

facts and circumstances of Walker's criminal case, and the relevant law, the Court denies his motion for compassionate release.

In this case, Walker claims to have a qualifying medical condition under 18 U.S.C. § 3582(c)(1)(A) and the applicable policy statement of U.S.S.G. § 1B1.13 n.1(A) based upon his hypertension, abnormal heartbeat because of the hypertension, high cholesterol, and mental disorders (bipolar, schizophrenia, and anxiety). (Def.'s Mot. for Reconsideration, Doc. 95, at 2.)  That is, Walker contends that his medical condition, in conjunction with the potential adverse effects should he contract COVID-19, qualifies as an "extraordinary and compelling" reason for compassionate release.

The Court has considered Walker's medical records in light of the Centers for Disease Control and Prevention's ("CDC") list of significant risk factors. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on February 12, 2021).  Walker's medical records confirm that he has hypertension and anxiety.  There is no indication of an irregular heartbeat.  (See generally Gov't Resp. in Opp'n, Doc. 97, Ex. C.) The CDC only lists hypertension as a condition that "might" put a person at an increased risk for severe illness should he contract COVID-19.  And, the CDC does not list mental health issues or high

2

cholesterol as significant risk factors. The medical records demonstrate that Walker is well-monitored and adequately treated with prescription medications and counseling. Apart from these issues, Walker is in relatively good health and under no restrictions. Most significantly, the records show that Walker was infected with COVID-19 in early September 2020 and did not suffer the adverse consequences he feared. In fact, he remained asymptomatic throughout his isolation. Based upon the foregoing, the Court is not convinced that the present circumstances of his medical conditions place Walker at such an increased risk to qualify as extraordinary and compelling.

Even if the Court determined that Walker's medical condition qualified him for compassionate release, the Court retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Walker was sentenced to serve 90 months on October 4, 2019, which was the result of a favorable plea agreement and a downward departure. Walker has not served even half of his sentence; with good time credit, Walker still has nearly four and a half years remaining on his sentence. Early release of this

3

Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Finally, the Court notes that to the extent that Walker claims that he is not being adequately treated for his mental health issues or challenges the conditions of his confinement, he must file a civil lawsuit pursuant to 42 U.S.C. § 1983 in the district of his confinement.

Upon the foregoing, Defendant Carl Walker's motion for reconsideration of the denial of compassionate release (doc. 95) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of February, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA